# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  DEP THI TRAN,  :  CHAPTER 13
       Debtor

                                               :  BANKRUPTCY NO.  19-11200

**ORDER**

AND NOW, this       day of May, 2020, upon consideration of the Application of the Chapter 7 Trustee for Authority to Employ Gellert Scali Busenkill & Brown, LLC as General Counsel, and the Answer of the Debtor thereto, it is hereby ORDERED that the Application is DENIED.      .

_____
                    J.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  DEP THI TRAN,                      :            CHAPTER 13
       Debtor

                                :            BANKRUPTCY NO.  19-11200

## DEBTOR'S ANSWER TO APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AUTHORITY TO APPOINT GELLERT SCALI BUSENKILL & BROWN AS GENERAL COUNSEL

1. The allegations of paragraphs 1-6, 10, and 11 of the Application are admitted.

2. The allegations of all of the remaining paragraphs of the Application are denied or denied as stated and strict proof of same is demanded at any hearing.

### AFFIRMATIVE DEFENSES

3. Although the Trustee has conducted two lengthy Meetings of Creditors (at which no creditors appeared nor showed any interest in these proceedings), the Debtor was questioned at length by not only the Trustee but an accountant produced by the Trustee, and the Debtor and her counsel, at considerable expense of time and funds, have produced thousands of pages of documents at the request of the Trustee and the accountant, the Trustee has been unable to articulate any specific claims against the Debtor which proposed counsel could pursue despite requests for same.     .

4. In the Application, counsel proposes to "investigate and analyze possible fraudulent conveyances;" "prosecute..avoidance actions, if any;" object to claims against the estate; and represent the Trustee in all necessary matters. However, the Debtor has made no transfers of any property whatsoever, and no transfers within the preference period which could have potentially been preferential. Only seven claims were filed in this case, and all except non-dischargeable

income tax claims would simply be discharged in this case.  No irregularities have been identified in the operation of the two corporations in which the Debtor holds stock:  (1) a real estate company owning only a block of uninhabitable real estate on Old York Rd. in Philadelphia; and (2) a nail salon in Allentown, PA. now closed for business during the pending health crisis, and probably worthless.

    5.   The hire of very expensive professionals in such circumstances is in no sense warranted, and instead the Debtor should be forthwith granted the discharge of her debts which she seeks in this case,

,
  WHEREFORE, the Debtor requests that the Application be denied.

Dated:  March 27, 2020                              Attorney for Debtor

_____
/s/DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, PA.  19148
610-550-1765